# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Deandre Scott Estelle,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**Warden S. Merlak** )<br>)<br>)<br>**Respondent.** ) | **CASE NO. 4:17 CV 513**<br><br>**JUDGE DONALD C. NUGENT**<br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

*Pro se* petitioner Deandre Scott Estelle, a federal prisoner incarcerated at F.C.I. Elkton, has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. In July 2013, petitioner pleaded guilty, pursuant to a written plea agreement in the United States District Court for the Northern District of West Virginia, to Count One of an indictment charging him with conspiracy to knowingly and intentionally possess with intent to distribute and to distribute Schedule I and Schedule II narcotic drug controlled substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(c).

At sentencing, petitioner was determined to be a career offender and was sentenced to 165 months of imprisonment, which was within the applicable advisory guideline range. Petitioner's sentence enhancement occurred pursuant to U.S.S.G. § 4B1.16 based on his three prior convictions for the delivery and/or manufacturing of controlled substances. *See Estelle v. United States*, No. 5:12-CR-20-6, 2015 WL 5016475, at *9 (N.D.W. Va. Aug. 24, 2015). The Fourth Circuit affirmed petitioner's sentence on appeal, and a subsequent motion he made to vacate his sentence pursuant 28 U.S.C. § 2255 was denied.

Petitioner now challenges his detention via § 2241 on the basis of the district court's determination that he was a career offender, citing *Decamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

**Discussion**

A district court conducts an initial review of *habeas corpus* petitions. 28 U.S.C. §2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The court must deny a petition on initial review if it plainly appears from the face of the petition that the petitioner is not entitled to relief. *Id.* The allegations in the petition are accepted as true and liberally construed in the petitioner's favor. *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

The Court must deny the petition because petitioner is not entitled to relief under § 2241.

The primary avenue of relief for a federal prisoner seeking to challenge a conviction or sentence is through a petition under 28 U.S.C. § 2255, not § 2241. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The Sixth Circuit recently held that a sentence enhancement may be challenged under § 2241 in certain limited circumstances. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). However, the Court expressly limited those circumstances to

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply here. Petitioner was not sentenced under the mandatory guidelines regime pre-*United States v. Booker*, and he has not identified any new Supreme Court law

that applies retroactively to invalidate his sentence. *See Boyd v. Francisco Quintanta, Warden*, No. CV 5: 16-211-DCR, 2016 WL 6780307, at *3 (E.D. Ky. Nov. 15, 2016) (*Descamps* does not apply retroactively to cases on collateral review).

## Conclusion

Accordingly, the pending petition for a writ of *habeas corpus* pursuant to § 2241 is dismissed pursuant to 28 U.S.C. § 2243. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2017